UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re:

JON MCIANEFINOCCHIO and
MARIA FINOCCHIO,

                          Debtors.
-------------------------------------------------------------------x

Chapter 7
Case No.: 21-71261-reg

## STIPULATION

1. Jon McIane Finocchio and Maria Finocchio (the "Debtors") filed a voluntary bankruptcy petition pursuant to Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") on July 7, 2021 (the "Petition Date") and Allan B. Mendelsohn (the "Trustee") was appointed Chapter 7 trustee.

2. The Debtors listed on their amended schedule A/B [ECF Dkt. No. 36] their joint ownership in the residential real property located at 114 Dorset Avenue, Albertson, New York (the "Property"). The Debtors own the property as tenants by the entirety.

3. On or about August 24, 2021, Hyperion Bank ("Hyperion") filed a claim in the amount of $496,237.21 (the "Hyperion Claim"), which is secured by, *inter alia*, a perfected lien on the Property (the "Hyperion Lien").

4. In addition to the Hyperion Lien, a review of the Debtors' amended schedule D indicates that the Property is also subject to a first in priority mortgage granted to Bank of America with a balance due in the approximate amount of $356,100.

5. The Trustee and Hyperion, by their undersigned counsel, have agreed that retaining a broker and selling the Property, free and clear of liens, is in the best interests of the estate.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned as follows:

1. The Trustee shall, promptly file a motion to retain a broker to market and sell the Property.

2. Provided that Hyperion receives a distribution of not less than One Hundred, Eighty Thousand Dollars ($180,000.00) from the proceeds of any sale of the Property after accounting for the Carve-Out (as defined below) ( "Minimum Hyperion Distribution"), Hyperion consents to the Trustee's sale of the Debtors' interest in the Property "as-is," "where is," "with all faults," without any representations, covenants, guarantees or warranties of any kind or nature, and free and clear of any liens, claims, interests or encumbrances of whatever kind or nature (the "Liens") with such Liens to attach to the proceeds of the sale.

3. Provided that Hyperion receives note less than the Minimum Hyperion Distribution from any sale of the Property, Hyperion consents to the payment of the following charges from the proceeds of the sale of the Property (hereinafter collectively referred to as the "Carve-Out"):

    a. Broker commissions not to exceed 4% of the sale price;

    b. Trustee's reduced commission not to exceed 3% of the sale price;

    c. Trustee's attorney fees not to exceed $10,000;

    d. $20,000 to the estate.

4. Trustee agrees that the minimum sale price for the Property shall be fixed at

$650,0000 (the "Minimum Sale Price"). In the event that the Trustee does not receive an offer for the Minimum Sale Price, the Property shall not be sold unless Hyperion consents to such sale.

5. In the event that the sale price exceeds the Minimum Sale Price, the Trustee agrees that Hyperion shall receive seventy-five percent (75%) of the amount of proceeds in excess of the Minimum Sale Price, and the estate shall receive twenty-five percent (25%) of the amount of such proceeds in excess of the Minimum Sale Price.

6. In exchange for the Carve-Out, the Trustee has agreed that he will not challenge the validity, extent, priority, perfection, enforceability or non-avoidability of the Hyperion Claim or the Hyperion Lien.

7. In exchange for the Carve-Out, the Trustee, on behalf of himself and the estate, has agreed that he will not seek to avoid or challenge (whether pursuant to Chapter 5 of the Bankruptcy Code or otherwise), and hereby waives any such right and/or claim to avoid and/or challenge, any transfer made by or on the Debtors' behalf to or for Hyperion's benefit that arose prior to the Petition Date.

8. In exchange for the Carve-Out, the Trustee has agreed that he will consult with Hyperion in connection with any proposed sale of the Property.

9. In exchange for the Carve-Out, the Trustee has further agreed that before entering into a contract of sale, he will consult with, and obtain the consent of, Hyperion, through its counsel, regarding any offers to purchase the Property including but not limited to the sale price offered and terms and conditions of sale.

10. The Trustee reserves the right, in his sole discretion, to determine not to sell the Property or to cancel the sale at any time prior to closing.

11.     Nothing contained herein shall limit Hyperion's right to file a general unsecured claim for any deficiency to which it may otherwise be entitled and Hyperion shall have thirty (60) days following the closing date of any sale of the Property to file such general unsecured claim notwithstanding the expiration of the general bar date in this chapter 7 case.  The Trustee agrees not to object to any such claim, including, without limitation on the grounds set forth in paragraphs 6 and 7 of this Stipulation.

12.     Hyperion shall not share in the Carve-Out but shall be entitled to share in any distributions made to general unsecured creditors from funds other than from the Carve-Out.

13.     This Stipulation may be executed in one or more counterparts, each of which is deemed an original, together constituting one and the same document. Facsimile or PDF signatures are treated as a binding and original document, and the facsimile signature of any party is considered an original signature.

14.     This Stipulation, and the sale of the Debtors' interest in the Property, is subject to Bankruptcy Court approval and the Trustee agrees to promptly file a motion in the Bankruptcy Court for an order, pursuant to Bankruptcy Code §§ 363(f) and 506(c) authorizing the Trustee to sell the Debtors' interest in the Property on the terms set forth herein.

15.     Any surplus proceeds exceeding the amounts due Bank of America and Hyperion shall be subject to any validly asserted homestead exemption of the Debtors.

Dated: Philadelphia, Pennsylvania          **STRADLEY RONON STEVENS &**
       October 29, 2021                    **YOUNG, LLP**
                                           Attorneys for Hyperion Bank

|  |  |  |
|---|---|---|
|  | By: | S/Daniel M. Pereira |
|  |  | Daniel M. Pereira (admitted *pro hac vice*) |
|  |  | 2005 Market Street, Suite 2600 |
|  |  | Philadelphia, Pennsylvania 19103 |
|  |  | 215-564-8747 |
|  |  | dpereira@stradley.com |

Dated: Syosset, New York         **THE KANTROW LAW GROUP, PLLC**
November 1, 2021                 Attorneys for Allan Mendelsohn, the
                                 Chapter 7 Trustee

By:   S/Fred S. Kantrow
      Fred S. Kantrow
      6901 Jericho Turnpike, Suite 230
      Syosset, New York 11791
      516 703 3672
      fkantrow@thekatrowlawgroup.com